JUSTICE GRAY,
concurring in part and dissenting in part.
I concur in the Court’s opinion on issue one. I also concur in the result the Court reaches under issue two and its analysis and holding on § 33-18-201(13), MCA. Because this case can be resolved on the basis of § 33-18-201(13), MCA, I would not address § 33-18-201(6), MCA. The Court having done so, however, I must respectfully dissent from the Court’s interpretation of § 33-18-201(6), MCA, and its result thereunder.
With regard to § 33-18-201(13), MCA, the Court presents a comprehensive analysis of the statute, the inapplicability of Juedeman to this case, and the inherent irrelevance of both House Bill No. 433 — which was not enacted — and its legislative history. The Court then concludes that § 33-18-201(13), MCA, applies to an insurer’s failure to pay one type of damages for which liability has become reasonably clear in order to influence settlement of a claim for another type of damages made pursuant to the same policy. This conclusion is little more than a “plain meaning” approach to the wording of § 33-18-201(13), MCA, which clearly provides for — and establishes requirements pertaining to the settlement of — claims under different portions of the insurance policy coverage. Given the nature of this action and the record before us, the Court quite properly does not hold — or even suggest — that Guaranty National’s liability for the medical expenses submitted to date by Ridley is reasonably clear at this point or that Guaranty National has failed to promptly settle such a claim for medical expenses on which its liability is reasonably clear in order to influence settlements under other por *339 tions of the insurance policy coverage. I concur in the Court’s opinion with regard to § 33-18-201(13), MCA.
With regard to the Court’s interpretation of § 33-18-201(6), MCA, however, I cannot agree. As discussed above, § 33-18-201(13), MCA, provides a sufficient basis on which to resolve this case; I would do so and stop there. Since the Court addresses subsection (6), MCA, and in my view does so erroneously, it is appropriate that I state the basis of my dissent from that portion of the Court’s opinion.
The Court advances a relatively abbreviated interpretation of the language contained in § 33-18-201(6), MCA, essentially concluding that the use of the plural “settlements,” rather than the singular “settlement,” means that the Legislature anticipated that an insurer may have more than one obligation arise from the same incident. I submit that the Legislature’s “anticipation” vis-a-vis more than one obligation was addressed by the Legislature in subsection (13) of § 33-18-201, MCA, as discussed above, but that the mere use of the plural “settlements” in subsection (6) does not relate to that “anticipation.” Indeed, the plural usages throughout § 33-18-201, MCA, follow clearly — and, in my view, only — from the introductory portion of that statute, which is the “with such frequency’ language not at issue here. That is, § 33-18-201, MCA, begins by providing that “[n]o person may, with such frequency as to indicate a general business practice, do any of the following. ...” It is this “frequency” language which results in the remainder of the statute being written in the plural form, as to “coverages,” “claims,” “settlements” and the like. The plural language does not, in my view, support the Court’s implicit interpretation that subsection (6) is essentially identical to subsection (13). Indeed, if that were so, there would be no need for two different subsections in the same statute, containing substantially dissimilar language.
It is my view that subsection (6) requires an insurer to attempt in good faith to effectuate a prompt, fair, equitable and final settlement of an overall claim for which liability has become reasonably clear. Subsection (13), on the other hand, does not address a good faith attempt to fully and finally settle an entire claim. Instead, it requires an insurer to promptly settle a claim under one portion of the policy coverage, if liability is reasonably clear, rather than use that unsettled claim as leverage in settling claims under other portions of the coverage. Moreover, in my opinion, the Court’s “purpose” and “policy discussions within the context of its analysis of § 33-18-201(6), MCA, *340 are more consistent with giving subsection (6) a meaning different from subsection (13).
At the bottom line, however, and notwithstanding my disagreement with the Court’s interpretation of § 33-18-201(6), MCA, I agree that this is an appropriate case for declaratory judgment. I also agree that such a judgment should be entered in Ridley’s favor on the basis of § 33-18-201(13), MCA. On those matters, I join the Court in reversing the District Court.